# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| OFFICE OF LAWYERS PROFESSIONAL RESPONSIBILITY,<br><br>Plaintiff,<br><br>v.<br><br>JILL CLARK,<br><br>Defendant. | Civil No. 12-1874 (JRT/AJB)<br><br>**ORDER** |

Martin A. Cole and Craig Donald Klausing, **OFFICE OF LAWYERS PROFESSIONAL RESPONSIBILITY**, 345 Saint Peter Street, Suite 1500, Saint Paul, MN 55102-1218, for plaintiff.

Benjamin E. Myers, **DEJVONGSA, MYERS & ASSOCIATES, LLC**, 2217 Nicollet Avenue South, Suite 100, Minneapolis, MN 55404, and Julie Delgado-O'Neil, P.O. Box 15694, Minneapolis, MN 55415, for defendant.

On February 10, 2012, the Director of the Office of Lawyers Professional Responsibility ("OLPR") filed a petition for disciplinary action against Jill Clark. On March 2, 2012, Clark filed an answer to the petition. The Minnesota Supreme Court referred the petition to the Honorable Gerald J. Seibel, District Court Judge for the Eighth District of the State of Minnesota. On June 8, 2012, Clark filed a notice of removal with this Court.[1] This Court remanded the case to the Minnesota Supreme Court on June 15, 2012.[2] On June 27, 2012, Referee Seibel recommended that Clark be immediately

---

[1] Notice of Removal, June 8, 2012, Docket No. 1, Civil No. 12-1373

[2] Order, June 15, 2012, Docket No. 10, Civil No. 12-1373.

transferred to disability inactive status pursuant to the Minnesota Rules of Lawyers Professional Responsibility 28(c) due to Clark's assertion that she possessed a disability and was unable to assist in her defense.  On July 27, 2012, Clark filed for re-removal with this Court and also asserted "counterclaims" against Defendants.[3]  Specifically, Clark alleged violations of 42 U.S.C. § 1983 – including violations of her First Amendment, equal protection, and due process rights – and violations of the Americans with Disabilities Act.  On July 31, 2012, Clark filed the instant action, which is almost identical to the action she filed on July 27[4] and likewise seeks removal and asserts the same "counterclaims."  On August 2, 2012, the Court remanded that July 27 removal and "counterclaims" to the state court because Clark failed to comply with 28 U.S.C. § 1446(b) and because this Court lacks subject matter jurisdiction or, in the alternative, must abstain.[5]  The Court will now remand the July 31 removal and "counterclaims" for the same reasons.

**I.    28 U.S.C. § 1446(b)**

First, the notice of removal filed by Clark was untimely.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within 30 days after the receipt . . . of a copy of the initial pleading . . . [or] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has

---

[3] Pet. for Re-Removal, July 27, 2012, Docket No. 14, Civil No. 12-1373.

[4] Notice of Re-Removal, July 13, 2012, Docket No. 1, Civil No. 12-1874.)

[5] Order, Aug. 2, 2012, Docket No. 18, Civil No. 12-1373.

become removable." Thirty days has expired since OLPR filed the petition for disciplinary action in state court.

Clark alleges that the June 27 order of Referee Seibel and her own motion to the Minnesota Supreme Court on July 23, 2012, seeking the recusal of Minnesota Supreme Court justices from her disciplinary case present new federal issues. However, these documents present no new federal issues beyond those that were apparent before their filing. Clark's notice of re-removal details a long history of alleged violations of her federal rights. It is evident that Clark was aware of the federal issues allegedly implicated by the state court proceeding long before Referee Seibel's order or her July 23 motion. Accordingly, Clark's thirty days to remove the case has expired. *See Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980) ("[T]he time limitations of 28 U.S.C. § 1446(b) . . . are mandatory and are to be strictly construed[.]").

## II.   JURISDICTION

In addition, as already stated in this Court's June 15 order, this Court normally has no jurisdiction over state attorney disciplinary proceedings.[6] *See In re Rhodes*, 370 F.2d 411, 413 (8th Cir. 1967). Clark claims that this Court has no has jurisdiction because, among other reasons, she has alleged federal "counterclaims" in the disciplinary proceedings. Even assuming that Clark's "counterclaims" could somehow confer jurisdiction on this Court, the Court would refrain from exercising jurisdiction due to the

---

[6] As also explained in the Court's June 15 order, Clark has not shown that she is entitled to removal under 28 U.S.C. § 1443. (Order, June 15, 2012, Docket No. 10, Civil No. 12-1373.)

*Younger* abstention doctrine. The three elements of *Younger* abstention are met here.[7] First, there is an ongoing state proceeding. Second, the state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982). Third, the Court has carefully reviewed the materials submitted by Clark and finds that she has not met her burden of establishing that state proceedings do not afford her with an adequate opportunity to raise her federal claims. *See Plouffe*, 606 F.3d at 893; *In re Disciplinary Action Against Graham*, 453 N.W.2d 313, 321-22 (Minn. 1990) (addressing constitutional challenge when considering petition for disciplinary action against attorney). Finally, the Court finds that Clark has not established bad faith, harassment, or any other extraordinary circumstance rendering abstention inappropriate. *See Plouffe*, 606 F.3d at 894.[8]

Accordingly, the Court will remand this matter to the state court because Clark failed to timely file for removal and failed to establish jurisdiction or, in the alternative,

---

[7] The *Younger* abstention doctrine provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). "Even if these three requirements are met, a federal court should not abstain if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 892-93 (internal quotation marks omitted).

[8] Abstention might be inappropriate, for example, where a state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Id.* at 893 (internal quotation marks omitted). The Court finds that Clark has not met this standard regarding the Minnesota Rules of Professional Conduct that she challenges as one component of her "counterclaims."

to show that this Court should not abstain from this proceeding.  The Court also notes that, pursuant to this Court's August 2 order,[9] Clark is prohibited from further attempts to remove the state disciplinary proceeding.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this matter [Docket No. 1] is **REMANDED** to the Minnesota Supreme Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 15, 2012            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                          United States District Judge

---

[9] Order, Aug. 2, 2012, Docket No. 18, Civil No. 12-1373.